UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**ROBERT LEE ASKEW, Jr.**                                                                              **PLAINTIFF**

v.                                                                            **CIVIL ACTION NO. 3:16-CV-798-CRS**

**ANTHONY H. AMBROSE et al.**                                                        **DEFENDANTS**

### MEMORANDUM OPINION

*Pro se* Plaintiff Robert Lee Askew, Jr., brings this action *in forma pauperis*. Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary review of the complaint. *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff brings this action against Anthony H. Ambrose, an attorney; Mary Clark and Jim Schneider, property managers for Western Hostel, LLC; and Western Hostel, LLC. The complaint, which is on a form, states that the basis for jurisdiction is that Plaintiff is suing state or local officials for civil rights violations under 42 U.S.C. § 1983. Plaintiff alleges, among other things, discrimination based on race, denial of due process and equal protection, violation of fair debt practices, extortion, harassment, abuse of process, and retaliation.

Plaintiff states that in October 2016, Defendant Clark told him that her records indicated Plaintiff had not paid his rent to Western Hostel. According to Plaintiff, he filed a complaint to "Kentucky Consumer Protection," and Defendants filed a writ of forcible detainer against Plaintiff. According to the complaint, a state court eviction hearing was held on December 1, 2016, and the state court dismissed Western Hostel's action for "'deficient notice.'" Plaintiff

alleges that Defendants knew that a former property manager, Lon Cox, had stolen the rent money, yet filed the eviction proceeding anyway, thereby slandering Plaintiff.  Plaintiff also alleges that Defendants have violated Constitutional requirements for notice concerning rent increases.

Plaintiff further alleges that on December 4 and 5, 2016, Defendant Schneider left a notice of non-payment on Plaintiff's door "going back to dates that could have been raised in the Nov. 14 writ of forcible detainer action which was dismissed."  Plaintiff alleges that he is being subjected to mental abuse by Defendants and that Defendants are retaliating against the building as a whole.  Plaintiff has attached several exhibits to his complaint.

Plaintiff also filed a subsequent motion for injunctive relief and two supplements thereto.  According to that motion and supplements, additional actions were taken in the state-court eviction proceedings in early January 2017.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608.  Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although Plaintiff states that the basis for jurisdiction in this Court is that he is suing state or local officials for civil rights violations under § 1983, none of the named Defendants appear to be state or local officials. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974).

Here, Defendants are private parties. Although some or all of Defendants may have been parties to the state-court eviction action, merely being a participant in litigation does not make a private party a joint actor with the state. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Thus, Plaintiff fails to state a claim under § 1983, and this action must be dismissed.

Another reason for dismissal also exists. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Thus, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention would "unduly interfere[] with the legitimate activities of the States." *Younger*, 401 U.S. at 44.

To the extent that the eviction proceeding in question is still pending, all three factors supporting abstention are present in this case. The matters presented in the complaint are clearly the subject of a state housing matter, which is a state interest. *See Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534, at *1 (6th Cir. Sept. 24, 2003). There is no indication that constitutional claims could not be raised in that context.

If the state-court eviction case is no longer pending, Plaintiff is further advised that his action in this Court is barred under the *Rooker-Feldman* doctrine. This doctrine, which has been described as combining the abstention and *res judicata* doctrines, "stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000).

### III. CONCLUSION

For the foregoing reasons, by separate Order, this action will be dismissed.

Date: January 18, 2017

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
4411.009